✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |
|---|---|---|

OCEAN DIVING CENTRE LIMITED

## SUMMONS IN A CIVIL ACTION

V.

CLOUGH PROJECTS INTERNATIONAL PTY
LTD.

08 CV 4870

CASE NUMBER:

JUDGE SPRIZZO

TO: (Name and address of Defendant)

CLOUGH PROJECTS INTERNATIONAL PTY LTD.
Level 6
251 St. Georges Terrace
Perth, Western Australia

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MAHONEY & KEANE LLP
11 Hanover Square, Tenth Floor
New York, NY 10005

an answer to the complaint which is served on you with this summons, within _____twenty (20)_____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

MAY 2 7 2008

J. MICHAEL McMAHON

CLERK                                          Catherine Lapsley

_____          _____
DATE

(By) DEPUTY CLERK

08    CV    4870

72/3579

**Mahoney & Keane, LLP**
76 Beaver Street 10th Floor
New York, New York 10005
(212) 385-1422

Attorneys for Plaintiff
Ocean Diving Centre Limited

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

OCEAN DIVING CENTRE LIMITED

                      Plaintiff,

        v.

CLOUGH PROJECTS INTERNATIONAL PTY.
LTD ,

                 Defendant.
-------------------------------------------------------------X



VERIFIED COMPLAINT
AND RULE B ATTACHMENT

       Plaintiff Ocean Diving Centre Limited (hereinafter referred to as "ODC"), by its

attorneys, Mahoney & Keane, LLP, as and for its Verified Complaint against Defendant

Clough Projects International Pty. Ltd. (hereinafter "Clough"), alleges upon information and

belief, as follows:

       1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

       2.      Venue is proper under 28 U.S.C. §§ 1391 (d) because Defendant Clough is an

alien.

       3.      At and during all times hereinafter mentioned, Plaintiff ODC was, and still is, a

Private Limited Company organized and existing under and by virtue of the laws of the

Republic of India with a place of business at A/206, Krishna Smruti, Parleshwar Road. Vile Parle(E), Mumbai – 400057, India and at all times hereinafter mentioned, was engaged in the business of owning and chartering vessels including Barge "OCEAN 6."

4.    Defendant Clough is a corporation or other business entity incorporated under the laws of Australia with an office and place of business located at Level 6, 251 St. Georges Terrace, Perth, Western Australia and at all times hereinafter mentioned was engaged in business which included chartering the Barge "OCEAN 6."

5.    On or about December 7, 2005, plaintiff ODC, as Owner, chartered the Barge OCEAN 6 to Clough in accordance with the terms and conditions of a Time Charter party Agreement for the period December 20, 2005 through May 20, 2006 at the charter hire rate of US$11,800 per calendar day.

6.    The Barge "OCEAN 6" was delivered by ODC to Clough on or about December 20, 2005 and Clough relinquished control at 1100 hours on May 24, 2006.

**AS FOR A FIRST CAUSE OF ACTION**
**FOR BREACH OF CONTRACT**
**AGAINST DEFENDANT**

7.    Plaintiff repeats and re-alleges each and every one of the foregoing allegations as though fully set forth at length.

8.    In breach of its agreement and promise set forth in clause 23 of the charter party defendant Clough wrongfully failed and/or neglected to pay charter hire in the total amount of US$630,170 at the agreed rate US$11,800 for the period April 1, 2006 through and including May 24, 2006 at 1100 hours when Clough's agent J. M. Baxi & Co. relinquished control of the vessel and returned control to ODC.

9.      No part of unpaid charter hire has been paid although duly demanded.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR BREACH OF CONTRACT AGAINST DEFENDANT

10.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 9 as though fully incorporated herein.

11.     Pursuant to clauses Part I, 37-2(1) and 40 and Part II, clauses 2(e) and 11(c), Clough agreed to pay for bunker fuel and water on board at the time of delivery and all fuel and water thereafter consumed during the course of the charter, for communications, a demobilization fee and a time-for- maintenance fee of $11,800 per month or part thereof.

12.     Despite this agreement, Clough wrongfully failed to pay and remit to ODC the sum of US$42,567.20 for the value of bunker fuel and water, US$7,552.58 for the communication facilities used by and available to Clough, US$45,000 for demobilization and US$59,826 for time-for-maintenance fee.

13.     No part of these amounts has been paid although duly demanded.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT

14.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 13 as though fully incorporated herein.

15.     Pursuant to Part II, Clause 31 of the charter any dispute arising under the charter shall be referred to arbitration at Mumbai, India.  This action is brought to obtain security for the claims to be submitted by ODC to the arbitration tribunal. Efforts to agree on an arbitrator have been unsuccessful thus far although an application has been or will be made

by ODC shortly to the Supreme Court of India to appoint an arbitrator pursuant to the Arbitration and Conciliation Act.

16.    The custom and practice in Mumbai Arbitration, upon information and belief, is for the tribunal to award to the prevailing party interest on the principal amount of the claim at the contract rate of twelve per cent per annum, the costs of the arbitration and reasonable attorneys' fees.

17.    Interest on the principal amount of the claim amounts to approximately US$188,000 to date as per clause Part I, 24 of the charter and the anticipated amount of the interest that will be awarded at the conclusion of the arbitration reasonably estimated to be one year from now will then total US$283,000..

18.    Common practice is that Mumbai Arbitration tribunals award costs of arbitration and reasonable attorneys' fees to the prevailing party which are estimated to amount to US$100,000, upon information and belief.

## APPLICATION FOR ISSUANCE
## OF A RULE B ATTACHMENT

19.    Plaintiff repeats and re-alleges each and every one of the foregoing allegations as though fully set forth at length.

20.    After due investigation, the Defendant Clough cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets, comprising *inter alia,* cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant, or

either of them ("assets"), including but not limited to assets at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein, within this District and subject to the jurisdiction of this Court including, but not limited to, HSBC (USA), Bank of America, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York Mellon, Deutsche Bank, Union Bank of California International and/or Standard Chartered Bank, which are believed to be due and owing to the Defendant.

21.     The Plaintiff seeks an Order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching any assets of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant and to secure and/or satisfy the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing each to appear and answer under oath all and singular the matters alleged in the Complaint;

B.     That, since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property in whatever form, including but not limited to cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant,

("assets"), including but not limited to assets at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein, including, but not limited to, HSBC (USA), Bank of America, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York Mellon, Deutsche Bank, Union Bank of California International and/or Standard Chartered Bank, which are believed to be due and owing to Defendant Clough Projects International Pty. Ltd. in the total amount of US$1,168,115.80 to satisfy and/or secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B to answer the matters alleged in the Complaint;

C.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

D.    That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:  New York, New York
       May  27, 2008

                              Mahoney & Keane, LLP
                              Attorneys for Plaintiff
                              Ocean Diving Centre Limited


                        By:_____
                              CHRISTOPHER H. MANSUY
                              76 Beaver Street 10th Floor
                              New York, New York  10005
                              (212) 385-1422

6

## ATTORNEY VERIFICATION

I, Christopher H. Mansuy, declare and state that I am a member of the bar of this Honorable Court and the attorney of record for plaintiff Ocean Diving Centre Limited. I have read the Verified Complaint and know the contents thereof to be true to the best of my knowledge, information and belief which are informed by communications, documents and information furnished to me by the representatives of plaintiff. The reason this Verification is made by me instead of an officer or director of the plaintiff is that plaintiff has its office in India and none of its officers or directors are present in the District.

I declare that the foregoing statements made by me are true and correct under penalty of perjury.

Executed:    New York, New York
             May 27 , 2008

Christopher H. Mansuy